**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1916-19

SYNKRIOM, INC., a New
Jersey Corporation,

     Plaintiff-Appellant,

v.

LARSEN & TOUBRO INFOTECH
LIMITED, INC., a New Jersey
Foreign Corporation,

     Defendant-Respondent.

_____

Argued February 10, 2021 – Decided April 13, 2021

Before Judges Whipple, Rose and Firko.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Docket No. L-4233-18.

Steven E. Taylor argued the cause for appellant (Taylor Law Firm, LLC, attorneys; Steven E. Taylor, on the briefs).

Jonathan E. Ginsberg argued the cause for respondent (Bryan Cave Leighton Paisner, LLP, attorneys; Jonathan E. Ginsberg, on the brief).

PER CURIAM

Plaintiff, Synkriom, Inc., appeals from the October 25, 2019 order granting defendant Larsen & Toubro Infotech Limited, Inc.'s motion to dismiss plaintiff's complaint with prejudice pursuant to Rule 4:23-5(a)(2). We affirm.

The following facts are drawn from the record. On June 8, 2017, plaintiff entered into a Technical Recruitment Agreement (TRA) with defendant whereby plaintiff would provide employee-recruitment services for defendant. In October 2017, plaintiff was denied access to defendant's internal recruiting submission systems and defendant informed plaintiff it was terminating the agreement.

In July 2018, plaintiff filed a complaint against defendant for breach of contract; breach of the covenant of good faith and fair dealing; and promissory estoppel. In August 2018, defendant timely filed its answer which contained a demand for documents referred to in the complaint, pursuant to Rule 4:18-2. On September 6, 2018, plaintiff provided twenty-three pages of email correspondence and a copy of the TRA.

On January 28, 2019, defendant served plaintiff its first set of request of production of documents and first set of interrogatories. The deadline for the document request was March 4, 2019. The deadline for answers to the

interrogatories was March 29, 2019. During part of this time, plaintiff's counsel experienced a serious health condition, which required hospitalization and an extended period of recovery at home. As a result, timely answers were not submitted.

Deadlines passed and after having received no response to its discovery demands, on April 15, 2019, defendant emailed plaintiff reminding of its outstanding discovery obligations. Attached to the email was a series of deposition notices. Receiving no response, defendant sent a follow-up email on April 24, reiterating that plaintiff should fulfill its discovery obligations no later than April 29.

The parties later agreed to extend the discovery period as follows:

> (i) Plaintiff shall fully respond to [d]efendant's [f]irst [s]et of [i]nterrogatories, dated January 28, 2019, and [d]efendant's [f]irst [r]equest for the [p]roduction of [d]ocuments, dated January 28, 2019 (including written responses and documents produced in response thereto) no later than May 24, 2019, and (ii) [p]laintiff shall serve interrogatories or document requests, if any, by May 24, 2019.

On the May 24, 2019 deadline, plaintiff responded to defendant's discovery request by re-submitting the same documents it sent on September 6, 2018. Defendant's counsel wrote to plaintiff informing that the propounded

3

discovery did not satisfy the outstanding discovery obligations, but plaintiff did not respond.

On June 21, 2019, defendant filed a motion to dismiss the complaint without prejudice under Rule 4:23-5(a)(1). Plaintiff did not oppose the motion and made no efforts to comply with its discovery obligations. On July 26, 2019, the trial court dismissed plaintiff's complaint without prejudice, pursuant to Rule 4:23-5(a)(1).

During July 2019, plaintiff's counsel underwent a medical procedure and treatments which again required a period of recovery. On September 27, 2019 defendant moved to dismiss plaintiff's complaint with prejudice pursuant to Rule 4:23-5(a)(2). On October 9, 2019, plaintiff provided responses to the first set of interrogatories, and again provided the same set of documents previously sent on May 24, 2019, and September 6, 2018.

One week later, plaintiff filed its opposition to the motion to dismiss with prejudice. Plaintiff argued that the untimely discovery responses were the result of counsel's medical issues, constituting exceptional circumstances which arguably excused non-compliance with discovery requests.

On October 25, 2019, the trial court dismissed the complaint with prejudice pursuant to Rule 4:23-5(a)(2). The two reasons the court gave for the

dismissal were plaintiff's failure to file a motion to vacate the prior order without prejudice and plaintiff's failure to demonstrate extraordinary circumstances warranting the denial of the motion.[1]  This appeal followed.

We review a court's decision whether to reinstate or dismiss a complaint under an abuse of discretion standard.  St. James AME Dev. Corp. v. City of Jersey City, 403 N.J. Super. 480, 487 (App. Div. 2008).

Dismissal under Rule 4:23-5 is a two-step process that must be strictly adhered to before a court can impose the sanction of dismissal for failure to fulfill a discovery obligation.  Thabo v. Z Transp., 452 N.J. Super. 359, 369 (App. Div. 2017) (citing St. James, 403 N.J. Super. at 484).  Dismissal of a complaint with prejudice is among the most serious sanctions a court can impose, and as such, it should be imposed "only sparingly" and will normally be "ordered only when no lesser sanction will suffice to erase the prejudice suffered by the non-delinquent party."  Robertet Flavors, Inc. v. Tri-Form Const. Inc.,

---

[1] The court's reasons were included at the bottom of the order as follows: "For the reasons set forth by [the court], and in consideration of all materials presented to the [c]ourt, the following motion has been granted according to R[ule] 4:23-5(a)(2).  []Plaintiff has not filed a motion to vacate the prior [o]rder without prejudice.  []Plaintiff has not satisfied extraordinary circumstances that warrants the denial of said motion."

While less than a robust nod to the requirements outlined in Rule 1:7-4, the court's reasons are adequate for meaningful judicial review.

A-1916-19

203 N.J. 252, 274 (2010) (Abtrax Pharm., Inc. v. Elkins-Sinn, Inc., 139 N.J. 499, 514 (1995); and Zaccardi v. Becker, 88 N.J. 245, 253 (1982)).  Because of the seriousness of dismissal with prejudice as a punishment, the requirements of the Rule "must be scrupulously followed and technically complied with."  Thabo, 452 N.J. Super. at 369 (citing Sullivan v. Coverings & Installation, Inc., 403 N.J. Super. 86, 95 (App. Div. 2008)).

Prior to dismissal with prejudice, a moving party must file a motion to dismiss the complaint without prejudice pursuant to Rule 4:23-5(a)(1).  Ibid. This Rule provides, in part:

> If a demand for discovery pursuant to R. 4:17, R. 4:18, or R. 4:19 is not complied with and no timely motion for an extension or a protective order has been made, the party entitled to discovery may . . . move, on notice, for an order dismissing or suppressing the pleading of the delinquent party.  The motion shall be supported by an affidavit reciting the facts of the delinquent party's default and stating that the moving party is not in default in any discovery obligations owed to the delinquent party.  Unless good cause for other relief is shown, the court shall enter an order of dismissal or suppression without prejudice.

Per the stipulation entered by the parties on April 24, 2019, responses to defendant's outstanding interrogatories and document requests were due on May 24, with the discovery period as a whole being extended until August 23, 2019. Plaintiff's argument that its responses were due on August 23, 2019 is contrary

6

to the plain terms of the stipulation, as the agreement makes clear that responses to the first set of interrogatories and requests for documents are due "no later than May 24, 2019," clearly delineating it from the court-imposed discovery end date.

With no response from plaintiff, on May 29, defendant again extended the deadline, informing plaintiff that if it did not receive responses to its discovery requests by June 3, 2019, it would seek intervention from the court. After this final deadline passed, again, with no response, defendant filed a notice of its motion to dismiss under Rule 4:23-5(a)(1) on July 26, 2019. This notice complied with the requirement of the Rule that the affidavit outline the circumstances of the non-moving party's non-compliance. As such, the trial court's dismissal of the complaint without prejudice under Rule 4:23-5(a)(1) was warranted.

Once a trial court dismisses a complaint without prejudice, the moving party may pursue the second step of a Rule 4:23-5(a)(2) action, dismissal with prejudice. If the delinquent party does not cure its discovery deficiency, the moving party may move for a motion to dismiss the complaint with prejudice, sixty days after the complaint was dismissed without prejudice, under Rule 4:23-5(a)(1). Sullivan v. Coverings & Installation, Inc., 403 N.J. Super. 86, 93 (App.

7

Div. 2008). In order to restore the complaint, the delinquent party must pay the court $100 if within thirty days of the dismissal, or $300 if after thirty days but before ninety days. R. 4:23-5(a)(1). The complaint may be restored at any time prior to dismissal with prejudice if the delinquent party cured its deficient discovery and satisfied any other conditions imposed on them by the court. Sullivan, 403 N.J. Super. at 94.

In order to defeat a motion for dismissal with prejudice the delinquent party must demonstrate "extraordinary circumstances." Rodriguez v. Luciano, 277 N.J. Super. 109, 112 (App. Div. 1994). The delinquent party must prove circumstances "which substantially interfered with the party's ability to meet the discovery obligations." Ibid. (quoting Suarez v. Sumitomo Chem. Co., 256 N.J. Super. 683, 688-89 (Law Div. 1991)).

Here, the trial court dismissed the complaint without prejudice on July 26, 2019. Plaintiff did not oppose the dismissal. On September 27, 2019, sixty-three days after the entry of the without prejudice dismissal, defendant's counsel moved to dismiss the complaint with prejudice pursuant to Rule 4:23-5(a)(2).

Over plaintiff's objection, the trial court entered an order dismissing the complaint with prejudice on October 25, 2019. Although plaintiff's counsel asserted that his medical issues prevented plaintiff from completing the

discovery responses, satisfying the "extraordinary circumstances" exception to dismissal, plaintiff did not move to vacate the dismissal without prejudice under Rule 4:23-5(a)(1). Rule 4:23-5(a)(2) requires that

> [t]he motion to dismiss or suppress with prejudice shall be granted unless a motion to vacate the previously entered order of dismissal or suppression without prejudice has been filed by the delinquent party and either the demanded and fully responsive discovery has been provided or exceptional circumstances are demonstrated.

Plaintiff's opposition to the motion to dismiss the complaint with prejudice and attached a certification were not sufficient to meet the Rule's requirements. Plaintiff did not pay the restoration fees required under Rule 4:23-5(a)(1). Thus, even if extraordinary circumstances had been shown, the court was within the bounds of discretion dismissing the complaint with prejudice because plaintiff did not follow the basic dictates of the Rule. Rodriguez, 277 N.J. Super. at 112.

Moreover, plaintiff did not demonstrate extraordinary circumstances to overcome dismissal with prejudice. In his certification in opposition to the dismissal, counsel outlined medical issues he had been dealing with over the course of the litigation but did not explain how these medical issues hindered his ability to respond to the discovery requests. Counsel provided no documentation detailing the medical work done or the recovery required.

9

We conclude the trial court did not abuse its discretion by finding plaintiff failed to fulfill its discovery obligations.  After the complaint was dismissed without prejudice, plaintiff asserts it sent fully responsive discovery to defendant.  However, the most recent documents provided were the same partial set already provided twice before in the litigation.  And although plaintiff offered some good faith answers to many of the interrogatories, others remained deficient.

Finally, plaintiff argues that the trial court did not "meticulously follow[] the mandates of Rule 4:23-5" by failing to hear oral argument before dismissing the complaint with prejudice.  Under Rule 4:23-5(a)(2), after sixty days from the date of an order to dismiss without prejudice, a motion to dismiss or suppress with prejudice "shall be granted unless a motion to vacate the previously entered order of dismissal or suppression without prejudice has been filed by the delinquent party and either the demanded and fully responsive discovery has been provided or exceptional circumstances are demonstrated."

A full hearing is not always required, all that is necessary is for the non-moving party to be aware of the pending motion to dismiss.  Thabo, 452 N.J. Super. at 368-69, 370-71.  Here, the omission of oral argument does not warrant reversal.  Plaintiff clearly had notice of the pending motion to dismiss with

prejudice since he filed a response in opposition of the motion. Since extraordinary circumstances were not demonstrated, responsive discovery was never produced and the non-delinquent party followed all the dictates of the Rules, a procedural issue such as deciding not to hear arguments for the motion to dismiss was within the sound discretion of the court.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-1916-19